IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CENTURY 21 REAL ESTATE LLC, f/k/a<br>CENTURY 21 REAL ESTATE CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>ALEXANDER SAROVICH, NICOLETTE<br>MAYER, HOMETOWN REALTORS, LLC, and<br>HOMETOWN REAL ESTATE GROUP, LLC,<br><br>Defendants. | No. 1:11-cv-05572<br><br>Judge Blanche M. Manning |

## PLAINTIFF CENTURY 21 REAL ESTATE LLC'S
## <u>MOTION FOR PRELIMINARY INJUNCTION</u>

Pursuant to Rule 65 of the Federal Rules of Civil Procedure, plaintiff Century 21 Real Estate LLC ("Century 21") asks that this Court enter a preliminary injunction to prevent the further infringement of the federally registered Century 21 trademarks and service marks by defendant Alexander Sarovich ("Sarovich"), defendant Nicolette Mayer ("Mayer"), defendant Hometown Realtors, LLC ("Realtors LLC"), and defendant Hometown Real Estate Group, LLC ("Hometown Real Estate Group") (collectively, "Defendants"), as well as all others acting in concert or participation with them. In support thereof, Century 21 states as follows:

1. Century 21 entered into a franchise agreement with Sarovich to operate a real estate brokerage office in the Chicago area. Sarovich personally guaranteed to Century 21 his payment and performance under the franchise agreement. Upon information and belief, Sarovich Sarovich assigned the rights to or interests in the real estate brokerage business to Realtors LLC. Thereafter, Realtors LLC and Mayer, Realtors LLC's principal, operated, managed, and oversaw the administration of the business.

2. On September 29, 2010, after Sarovich, Mayer, and Realtors LLC repeatedly failed to make payments and otherwise perform their obligations under the franchise agreement and guaranty, Century 21 properly terminated the franchise agreement. Upon the termination of the franchise agreement, Sarovich, Mayer, and Realtors LLC were prohibited, by the terms of the franchise agreement and by law, from making any further use of the Century 21 trademarks and service marks, including any use in connection with their real estate brokerage businesses.

3. Sarovich, Mayer, and Realtors LLC however, have continued to use the Century 21 trademarks and service marks without authorization for their real estate brokerage services, notwithstanding repeated demands by Century 21 to cease and desist from this use and to de-identify their real estate brokerage business as having any association with Century 21. Specifically, Sarovich, Mayer, and Realtors LLC have used and continue to use the Century 21 name and logo on their real estate brokerage business' Internet website.

4. In May of 2010, shortly prior to Century 21's termination of Sarovich's franchise, Mayer registered a new real estate brokerage business with the Illinois Secretary of State. Mayer then wrongfully and purposefully drew on the power of the Century 21 brand to develop and market her new business, Hometown Real Estate Group. Specifically, Mayer and Hometown Real Estate Group are using Century 21 "for sale" signs, and are using logos almost identical to Century 21's logo, complete with a sloping roof that frames text. Hometown Real Estate Group's logos and signs create a likelihood of confusion as to the source and affiliation of their real estate brokerage services.

5. Accordingly, Century 21 moves for a preliminary injunction to enjoin the Defendants, together with all those acting in concert with them, from continuing to infringe Century 21's trademarks and service marks. As more fully set forth in the accompanying

Memorandum of Law in Support of Motion for Preliminary Injunction and the Verified Complaint for Injunctive and Other Relief, both of which are incorporated by reference into this Motion, Century 21 has a reasonable likelihood of success on the merits, given the contractual and statutory prohibitions against the infringement of Century 21's trademarks and service marks. Century 21 has no adequate remedy at law and will suffer irreparable injury and harm if the requested relief is not granted. Moreover, the public interest is served by granting an injunction. Century 21 is willing to and agrees to provide security as the Court deems proper in reference to this motion. Century 21 respectfully requests a hearing on this motion at the Court's earliest convenience.

6. Century 21's motion for preliminary injunction is supported by the Memorandum of Law in Support of Century 21's Motion for Preliminary Injunction, the Verified Complaint for Injunctive and Other Relief, photographs depicting the infringement, as well as all documents in the Court's file and any evidence presented at or prior to hearing on this matter. A Proposed Form of Order for Preliminary Injunction is submitted with this Motion, attached to the Memorandum of Law as Exhibit 4.

WHEREFORE, Century 21 Real Estate LLC respectfully requests that this Court enter its Order preliminarily enjoining and restraining the Defendants, and all those acting in concern or participation with each of them, from further infringing Century 21's trademarks and service marks pending further order of this Court, and requests such other and further relief as the Court deems just and proper.

Dated: August 17, 2011

                                    Respectfully submitted,

                                    CENTURY 21 REAL ESTATE LLC, f/k/a
                                    CENTURY 21 REAL ESTATE
                                    CORPORATION


                                    By: /s/ Michael J. Grant
                                                One of Its attorneys

J. Jeffrey Patton
Michael J. Grant
Mili R. Joseph
Tabet DiVito & Rothstein LLC
209 S. LaSalle Street
7th Floor
Chicago, IL 60604
Tel: 312-762-9450
Fax: 312-762-9451