## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| CENTURY 21 REAL ESTATE LLC, f/k/a<br>CENTURY 21 REAL ESTATE CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>ALEXANDER SAROVICH, NICOLETTE<br>MAYER, HOMETOWN REALTORS, LLC, and<br>HOMETOWN REAL ESTATE GROUP, LLC,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 1:11-cv-05572<br><br>Hon. Blanche M. Manning<br>Hon. Young B. Kim |

## CENTURY 21'S MOTION FOR DEFAULT JUDGMENT
## AGAINST ALL DEFENDANTS

Pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, plaintiff Century 21 Real Estate LLC, f/k/a Century 21 Real Estate Corporation, respectfully moves the Court to enter default judgment on its Verified Complaint for Injunctive and Other Relief ("Verified Complaint") against defendants Alexander Sarovich ("Sarovich"), Nicolette Mayer ("Mayer"), Hometown Realtors, LLC ("Realtors LLC"), and Hometown Real Estate Group, LLC ("Hometown Real Estate Group") (collectively, the "Defendants"), for their failure to file an appearance or answer, or to otherwise plead in response to Century 21's Verified Complaint. In support of this motion, Century 21 relies on its Verified Complaint, the Declaration of Jacqueline Bertet, the Declaration of Michael J. Grant, and the Declaration of Deborah Muehlbauer, and states as follows:

## I.       INTRODUCTION

1.      By this motion, Century 21 respectfully requests that the Court enter judgment in favor of Century 21 and against all Defendants, and award Century 21: (1) monetary damages; (2) permanent injunctive relief to enjoin Defendants Sarovich, Mayer, and Realtors LLC from

using Century 21's trademarks, trade names logos, and federally-registered service marks (the "Century 21® Marks"); (3) permanent injunctive relief to enjoin Defendants Mayer and Hometown Real Estate Group from using marks nearly identical to the Century 21® Marks; and (4) all further relief that the Court deems just and proper

## II.   FACTUAL BACKGROUND

2.      As set forth in Century 21's Verified Complaint, this case concerns Defendants' trademark infringement and breaches of contract.  All of the following factual allegations are deemed admitted because Defendants' have not answered the Verified Complaint.  *See Black v. Lane*, 22 F.3d 1395, 1397 n.4 (7th Cir. 1994).

### A.    The Franchise Agreement

3.      Defendant Sarovich and Century 21 entered into a franchise agreement ("Franchise Agreement") commencing on July 1, 2000.  Pursuant to the Franchise Agreement, Century 21 granted to Defendant Sarovich, and Defendant Sarovich accepted, a franchise to operate a real estate brokerage office in Elmwood Park, Illinois.  This business was known as Century 21 Hometown ("Hometown").  (Verified Complaint ("Ver. Compl.") ¶ 25; Declaration of Jacqueline Bertet ("Bertet Decl."), attached as Exhibit 1, ¶ 4.)

4.      Under the Franchise Agreement (and subject to its terms and conditions), Defendant Sarovich received from Century 21 various services and rights, including the non-exclusive right to use the Century 21 System and certain Century 21® Marks as defined by the Franchise Agreement, for the operation of the Franchise.  (*Id.* ¶¶ 26; Bertet Decl. ¶ 5.)

5.      Under the Franchise Agreement, Defendant Sarovich in turn owed various obligations to Century 21, including the obligation to pay service, or royalty, fees, National

Advertising Fund ("NAF") contributions, minimum royalty fees, and audit fees. (*Id.* ¶¶ 27-30; Bertet Decl. ¶ 6.)

6.     The parties also agreed that Century 21 could terminate a Franchise Agreement if the franchisee failed to pay the amounts due under the Franchise Agreement. (*Id.* ¶¶ 37, 47; Bertet Decl. ¶ 7.) Defendant Sarovich agreed that upon termination of the Franchise Agreement, he would: (1) promptly pay to Century 21 all sums then owing to Century 21; and (2) immediately de-identify its office as being affiliated with Century 21. (Bertet Decl. ¶ 8.)

**B.     The Guaranty**

7.     In addition to the Franchise Agreement and in order to induce Century 21 to accept Defendant Sarovich as a Century 21 franchisee, Sarovich executed a Guaranty of Payment and Performance in connection with the Franchise Agreement ("Guaranty"). (*Id.* ¶ 32; Bertet Decl. ¶ 9.) Pursuant to the terms of the Guaranty, Defendant Sarovich, among other things, unconditionally guaranteed the payment of all fees due under the Franchise Agreement. (*Id.*; Bertet Decl. ¶ 10.)

**C.     Defendants Nicolette Mayer And Hometown Realtors, LLC**

8.     In approximately 2004, Defendant Sarovich assigned the rights to or interests in his real estate brokerage business in Elmwood Park, Illinois, to Defendant Mayer's corporate entity, Defendant Realtors LLC. (*Id.* ¶ 33; Bertet Decl. ¶ 11.) Century 21 did not approve the purported assignment as required by the Franchise Agreement. (*Id.*) Thus, Defendant Sarovich remained obligated under the Franchise Agreement and the Guaranty. (*Id.*; Bertet Decl. ¶ 12.) After the assignment, Defendants Realtors LLC and Mayer operated, managed, and oversaw the administration of Hometown, the Century 21 real estate brokerage business in Elmwood Park, Illinois. (*Id.*; Bertet Decl. ¶ 13.)

9.      As operators and managers of a Century 21 real estate brokerage business in Elmwood Park, Illinois, Defendants Mayer and Realtors LLC personally benefitted from the services and rights provided by Century 21, including, but not limited to, the use of Century 21's various trademarks, service marks, policies, procedures, products, and training and referral programs.  (*Id.* ¶ 34; Bertet Decl. ¶ 14.)

**D.      Initial Breaches Of The Franchise Agreement**

10.     By 2007, Defendants Sarovich, Mayer, and Realtors LLC had failed to operate Hometown in accordance with the Franchise Agreement, in breach of the Franchise Agreement. (*Id.* ¶ 35; Bertet Decl. ¶ 15.)

11.     Specifically, Defendants Sarovich, Mayer, and Realtors LLC failed to pay royalty fees, NAF contributions, audit fees, and other properly charged fees and costs when due.  As of November 19, 2009, $112,873.60 was due and owing to Century 21 under the Franchise Agreement.  (*Id.* ¶ 36; Bertet Decl. ¶¶ 18, 38.)

**E.      The Settlement Agreement And Initial Breaches Of The Settlement Agreement**

12.     Rather than terminate the Franchise Agreement, however, Century 21 and Defendants Sarovich, Mayer, and Realtors LLC sought to settle their dispute.  (*Id.* ¶ 38; Bertet Decl. ¶ 18.)

13.     On November 30, 2009, Century 21 entered into a Settlement Agreement with Mutual Releases ("Settlement Agreement") with Defendants Sarovich, Mayer, and Realtors LLC, whereby Defendants Sarovich, Mayer, and Realtors LLC agreed to pay Century 21 a total of $110,373.60 in satisfaction of all sums due and owing under the Franchise Agreement as of November 19, 2009.  (*Id.* ¶ 39; Bertet Decl. ¶ 18) The Settlement Agreement provided that this

total was to be paid in installments ("Installment Payments") beginning in November 2009 and ending in June 2011.  (Bertet Decl. ¶ 20.)

14.     Paragraph 3 of the Settlement Agreement provides that in the event that Defendants Sarovich, Mayer, and Realtors LLC failed to cure a default under the Settlement Agreement, Century 21 could obtain a confession of judgment against them for the total amount of liability addressed by the Settlement Agreement.  (*Id.* ¶ 40; Bertet Decl. ¶ 20.)

15.     Defendants Sarovich, Mayer, and Realtors LLC failed to stay current with their Installment Payments as set forth in the Settlement Agreement.   (*Id.* ¶ 41; Bertet Decl. ¶ 21.)

16.     In a letter dated August 19, 2010, Century 21 provided notice to Defendants Sarovich, Mayer, and Realtors LLC that they were in default of the Settlement Agreement because of their failure to make Installment Payments.  (*Id.* ¶ 42; Bertet Decl. ¶ 22.)  Defendants Sarovich, Mayer, and Realtors LLC failed to cure their default under the Settlement Agreement. (*Id.* ¶ 43; Bertet Decl. ¶ 23.)

17.     The Settlement Agreement did not terminate the Franchise Agreement and Defendants Sarovich, Mayer, and Realtors LLC continued to operate the real estate brokerage business in Elmwood Park, Illinois.  (*Id.* ¶ 44; Bertet Decl. ¶ 24.)

**F.     Ongoing Breaches Of The Franchise Agreement And Guaranty, And Century 21's Termination Of The Franchise Agreement**

18.     Defendants Sarovich, Mayer, and Realtors LLC breached the Franchise Agreement, however, by failing to make ongoing payments.  (*Id.* ¶ 45; Bertet Decl. ¶ 25.) Specifically, after executing the Settlement Agreement, Defendants Sarovich, Mayer, and Realtors LLC continued to fail to pay royalty fees, NAF contributions, audit fees, and other properly charged fees and costs when due. (*Id.*)

19.    The breach of the Franchise Agreement was also a breach of the Settlement Agreement.  (*Id.* ¶ 46; Bertet Decl. ¶ 27.)

20.    Century 21 notified Defendant Sarovich of the material breach of the Franchise Agreement due to failure to pay the ongoing fees, and advised Defendant Sarovich that he could avoid termination of the Franchise Agreement if he paid the account balance in full by no later than September 17, 2010.  (*Id.* ¶ 47; Bertet Decl. ¶ 28.)

21.    Defendant Sarovich failed to make any payment within the time provided.  (*Id.* ¶ 48; Bertet Decl. ¶ 29.)

22.    Accordingly, by letter dated September 27, 2010, Century 21 informed Defendant Sarovich that the Franchise Agreement was terminated effective September 29, 2010.  (*Id.* ¶ 49; Bertet Decl. ¶ 30.)

23.    Pursuant to the terms of the Franchise Agreement, all amounts owed survived the termination of the Franchise Agreement.  (*Id.* ¶ 51; Bertet Decl. ¶ 31.)

**G.    The Defendants' Unauthorized Use Of The Century 21® Marks And Unauthorized Use Of The Former Franchisee's Telephone Number**

24.    Subsequent to Century 21's termination of Sarovich's Century 21 franchise, Defendants Sarovich, Mayer, and Realtors LLC continued to display the Century 21® Marks on Hometown's Internet website, upon information and belief at least up to September 1, 2011, without Century 21's authorization, and continued to use the former franchisee's telephone number (*Id.* ¶¶ 53-61; Bertet Decl. ¶ 32; Declaration of Deborah Muehlbauer ("Muehlbauer Decl.", attached as Exhibit 2, ¶ 5.)

**H.      Defendant Mayer Forms Hometown Real Estate Group, LLC And Further Infringes On The Century 21® Marks**

25.      Also subsequent to Century 21's termination of Defendant Sarovich's Century 21 franchise, Defendant Mayer formed a new real estate brokerage business, Defendant Hometown Real Estate Group, LLC ("Hometown Real Estate Group"), and used logos for Hometown Real Estate Group that are nearly identical to Century 21's logos.  (*Id.* ¶¶63-75; Bertet Decl. ¶ 33; Muehlbauer Decl. ¶¶ 6-7.)

26.      Century 21's logo is brown, white, and gold, and includes an icon of a sloped roof that frames text.  (*Id.* ¶ 66; Muehlbauer Decl. Ex. 1.)

27.      Defendant Hometown Real Estate Group's logos are colored brown, white, and gold, and consist of a gold-colored sloping roof that frames text, nearly identical to Century 21's logo.  (*Id.* ¶ 67; Muehlbauer Decl. Ex. 2 – Ex. 6.)

28.      Defendants Mayer and Hometown Real Estate Group are using the infringing logos extensively in advertising and marketing on the following Internet websites: Twitter, Facebook, LinkedIn, and Active Rain.  (*Id.* ¶ 68; Muehlbauer Decl. ¶ 6.)

29.      Defendants Mayer and Hometown Real Estate Group are also displaying the infringing logos on physical signs.  (*Id.* ¶ 69; Muehlbauer Decl. ¶¶ 9-14.) For example, signs at Defendant Hometown Real Estate Group's principal place of business at 7700 W. Belmont, Chicago, Illinois, contain the infringing logos.  (*Id.* ¶ 70; Muehlbauer Decl. ¶ 10.)

30.      Additionally, Defendants Mayer and Hometown Real Estate Group are modifying Century 21's "for sale" signs to reflect Hometown Real Estate Group's logo. (*Id.* ¶ 70; Muehlbauer Decl. ¶ 11.)  Those signs use the Century 21 color scheme (gold signposts and brown signage), and include text that reads "Each Office Is Independently Owned and Operated," which is printed verbatim on Century 21's signs.  Moreover, Defendants Mayer and

Hometown Real Estate Group simply adhered a Hometown Real Estate Group logo over the Century 21 logo. (*Id.* ¶ 70; Muehlbauer Decl. Ex. 8.)

31.     Defendants Mayer and Hometown Real Estate Group are displaying the modified Century 21 signs in at least two locations in the Chicago area. (*Id.* ¶ 71; Muehlbauer Decl. ¶¶ 11-13.)

32.     Defendants Mayer and Hometown Real Estate Group's modified Century 21 "for sale" sign also displays the same telephone number belonging to former Century 21 franchise: (708) 452-0021. (*Id.* ¶ 72; Muehlbauer Decl. ¶ 11.)

33.     On June 10, 2011, counsel for Century 21 sent Defendants Mayer and Hometown Real Estate Group a cease-and-desist letter specifically instructing Defendants Mayer and Hometown Real Estate Group to discontinue use of the infringing logos and signs. (*Id.* ¶ 66; Bertet Decl. ¶ 34.)

34.     Despite Century 21's demand, Defendants Mayer and Hometown Real Estate Group continue to use the infringing logos in their marketing and advertising. (*Id.* ¶ 74; Muehlbauer Decl. ¶ 7.)

### III.     PROCEDURAL BACKGROUND

35.     On August 16, 2011, Century 21 filed its Verified Complaint against Defendants seeking damages and injunctive relief for Defendants' infringement of the Century 21® Marks and damages for Defendants' breaches of a Franchise Agreement, Guaranty, and Settlement Agreement (*See* Affidavit of Michael J. Grant ("Grant Aff."), ¶ 4, attached as Exhibit 3; [Docket #1].) against Defendants.

36.     On August 23, 2011, at 4:20 p.m., Defendant Sarovich was served with copies of the Summons and Verified Complaint.  (*See* Copy of Summons and Affidavit of Process Server attached as Exhibit 4; *see also* Grant Aff., ¶ 5; [Docket # 18].)

37.     Pursuant to Fed. R. Civ. P. 12(a), Defendant Sarovich was required to answer or otherwise respond to Century 21's Verified Complaint by September 13, 2011.

38.     On September 1, 2011 at 11:50 a.m., Defendants Mayer, Realtors LLC, and Hometown Real Estate Group were served with copies of the Summons and Verified Complaint. (*See* Copies of Summons and Affidavits of Process Server attached as Exhibit 5, Exhibit 6, and Exhibit 7; *see also* Grant Aff., ¶ 6; [Docket ## 17, 19, 20].)

39.     Pursuant to Fed. R. Civ. P. 12(a), Defendants Mayer, Realtors LLC, and Hometown Real Estate Group were required to answer or otherwise respond to Century 21's Verified Complaint by September 22, 2011.

40.     Defendants have failed to file an Appearance, Answer, or other responsive pleading within the period of time prescribed in Federal Rule 12(a). (*See* Grant Aff., ¶ 7.)

41.     Accordingly, Century 21 is entitled to entry of a judgment of default against Defendants.

## IV.     CLAIMS ALLEGED IN THE VERIFIED COMPLAINT

42.     As set forth in Counts I through IX of the Verified Complaint, following the termination of the Franchise Agreement due to Defendants' breaches, Defendants continued to use the Century 21® Marks and marks that infringe on the Century 21® Marks in connection with their real estate brokerage businesses, in violation of the Lanham Act and Illinois statutory and common law.  (*Id.* Counts I-IX; Bertet Decl. ¶ 37; Muehlbauer Decl. ¶¶ 5-7.)

43.     As set forth in Counts X, XI, XII, and XIII of the Verified Complaint, Defendant Sarovich breached the Franchise Agreement and Guaranty, and Defendants Sarovich, Mayer, and Realtors LLC breached the Settlement Agreement.

44.     Specifically, Defendant Sarovich breached the Franchise Agreement and Guaranty by repeatedly failing to pay, among other things, service, or royalty, fees, NAF contributions, minimum royalty fees, and audit fees due and owing to Century 21 under the Franchise Agreement and Guaranty.  (*Id.* ¶¶ 155, 160, 166; Bertet Decl. ¶ 35)

45.     Defendants Sarovich, Mayer, and Realtors LLC breached the Settlement Agreement by failing to make all Installment Payments when due.  (*Id.* ¶¶ 41-43; Bertet Decl. ¶ 21.)

46.     Moreover, Defendants Sarovich, Mayer, and Realtors LLC consented to a confession of judgment under the Settlement Agreement.  (*Id.* ¶¶148; Bertet Decl. ¶ 38.)  As set forth in the Verified Complaint and in the Declaration of Jacqueline Bertet, Century 21 has properly pleaded its breach of contract claims.

47.     As set forth in Count XIV of the Verified Complaint, Defendants Mayer and Realtors LLC personally benefitted from rights and services under the Franchise Agreement without providing payment to Century 21 for the value of the rights and services.  (*Id.* ¶¶ 169-173; Bertet Decl. ¶ 36.)

48.     Accordingly, Century 21 is entitled to damages from Defendants' willful trademark infringement, as well as permanent injunctive relief.  As set forth in the Verified Complaint and in the Declaration of Jacqueline Bertet, Century 21 has properly pleaded Defendants' violations of the Lanham Act and Illinois statutory and common law.

## V.    DISCUSSION

**A.    Century 21 Is Entitled To Default Judgment Of Damages And Permanent Injunctive Relief, Pursuant To Counts I, II, and III (Lanham Act Claims Against Defendants Sarovich, Mayer, And Realtors LLC), Counts IV, V, And VI (Lanham Act Claims Against Defendants Mayer And Hometown Real Estate Group), Count VII (Violation Of The Illinois Uniform Deceptive Trade Practices Act), Count VIII (Violation Of The Illinois Consumer Fraud And Deceptive Business Practices Act), and Count IX (Common Law Unfair Competition Claim).**

49.    Century 21 is entitled to damages and permanent injunctive relief as a result of Defendants' Sarovich, Mayer, and Realtors LLC's trademark infringement and their failure to comply with Section 18 of the Franchise Agreement, which required complete de-identification and disassociation with Century 21 after termination, including, but not limited to, removal of all exterior and interior signage, Internet websites, yard signs, and telephone listings.  (Bertet Decl. ¶ 44.)  Defendants Sarovich, Mayer, and Realtors LLC have failed to cease all display and use of the Century 21® Marks and failed to de-identify themselves from Century 21 after the September 29, 2010, termination of the Franchise Agreement.  (Ver. Compl. ¶¶ 57-59; Bertet Decl. ¶ 45.)

50.    Specifically, since the termination of the Franchise Agreement, Defendants Sarovich, Mayer, and Realtors LLC have marketed and promoted their real estate businesses by using the Century 21® Marks on Hometown's Internet website, by using former franchisee Hometown's telephone number, and by using marks nearly identical to the Century 21® Marks to promote Hometown Real Estate Group.  (Ver. Compl. ¶¶ 58-59, 63-74; Bertet Decl. ¶ 46; Muehlbauer Decl. ¶ 5.)

51.    As compensation for Defendants Sarovich, Mayer, and Realtors LLC's continued use of the Century 21® Marks from the September 29, 2010 termination of the Franchise

Agreement through at least September 1, 2011, Century 21 seeks a reasonable royalty of $78,682.82. (Bertet Decl. ¶ 48.)

52. These damages were calculated by determining the monthly average fees due and owing to Century 21 under the Franchise Agreement ($6,516.62), and then multiplying by the number of months (11) from the September 29, 2010 date of termination through September 1, 2011, to total $71,682.82. (Bertet Decl. ¶ 49; Ver. Compl., Ex. B § 8(C), 9(D).)

53. Defendants Mayer and Hometown Real Estate Group marketed their real estate brokerage business using marks that are nearly identical to the Century 21® Marks. (Muehlbauer Decl. ¶¶ 6-7.) As compensation for Defendants Mayer and Hometown Real Estate Group's infringement of the Century 21® Marks by using marks that likely to cause confusion, mistake, and/or deception as to the source and authority for offering such services, and as to the quality of such services, Century 21 seeks a reasonably royalty according to the calculation set forth in Paragraph 64 above, multiplying by the number of months (12) from the September 29, 2010 date of termination through present, to total $8,400. (Bertet Decl. ¶ 51.)

54. As a result of the willful nature of Defendants' infringement of the Century 21® Marks, despite receiving numerous written notices of their obligations and cease and desist demands from Century 21 (*see* Bertet Decl. ¶¶ 22, 30, 34; Ver. Compl. ¶¶ 53-75), Century 21 is entitled to trebling of damages pursuant to 15 U.S.C. § 1117(a). Century 21's infringement damages against Defendants Sarovich, Mayer, and Realtors LLC for unauthorized use of the Century 21® Marks, when trebled, total $215,048.46. Century 21's infringement damages against Mayer and Hometown Real Estate Group for use of marks nearly identical to the Century 21® Marks, when trebled, total $25,200. None of the Defendants have paid Century 21 any portion of this compensation to date. (Bertet Decl. ¶¶ 50-51.)

55.     In addition to monetary compensation, pursuant to Section 19(C) of the Franchise Agreement, Defendant Sarovich expressly consented and agreed that Century 21 could obtain an injunction to redress the post-termination infringement of the Century 21® Marks.   (Ver. Compl., Ex. B § 19(C); Bertet Decl. ¶ 52.)

56.     In this case, Century 21 is entitled to permanent injunctive relief.   Defendants continue to display and use the Century 21® Marks and marks nearly identical to the Century 21® Marks without authorization to do so, in violation of the Lanham Act, causing Century 21 irreparable harm.   *Processed Plastic Co. v. Warner Comm.*, 675 F.2d 852, 858 (7th Cir. 1982); *see also Ty, Inc. v. Jones Group, Inc.*, 98 F. Supp. 2d 988, 991 (N.D. Ill. 2000), *aff'd*, 237 F.3d 891 (7th Cir. 2001).

57.     Defendants' unauthorized use of the Century 21® Marks and use of marks nearly identical to the Century 21® Marks also violates the Illinois Consumer Fraud And Deceptive Trade Practices Act, 815 ILCS 510/2, *et seq.*, the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2 *et seq.*, and common law on unfair competition, because Defendants' deceptive representations create a false association between Defendants' real estate brokerage businesses and Century 21, deceiving consumers and allowing Defendants to benefit unfairly.

58.      Entry of default judgment in favor of Century 21 amounts to success on the merits.  *See Lorillard Tobacco Co. v. Montrose Wholesale Candies & Sundries, Inc.*, 2007 U.S. Dist. LEXIS 66816, at * 7 (N.D. Ill. Sept. 10, 2007) (citing *Cass County Music Co. v. Muedini*, 55 F.3d 263, 265-66 (7th Cir. 1995) (upon the entry of default judgment, the factual allegations of the complaint are taken as true)).   Courts in this circuit have found that injunctive relief is proper where a default judgment was entered.   *See, e.g.*, *Warner Bros. Records, Inc. v. Hentz*,

2007 WL 2481289, at * 5 (S.D. Ill. Aug. 29, 2007); *UMG Recordings, Inc. v. Stewart*, 461 F.

Supp. 2d 837, 844 (S.D. Ill. 2006).  Moreover, Century 21 does not have an adequate remedy at

law and will suffer irreparable harm without an injunction, and the balance of harms between the

parties favors entering the injunction; and entry of an injunction is in the public interest.  *Ty, Inc.*

*v. West Highland Publ'g, Inc.*, 1998 U.S. Dist. LEXIS 15869, at * 20 (N.D. Ill. Oct. 2, 1998);

*Dunkin' Donuts Inc. v. Benita Corp.*, 1998 WL 67613, * 19 (N.D. Ill. Feb. 10, 1998).

59.     Accordingly, in addition to damages, Century 21 respectfully seeks the entry of a

permanent injunction that prohibits the Defendants, and anyone in participation or concert with

them, from using the Century 21® Marks or any trademarks confusingly similar to them in

connection with any of their real estate services or operations.  The form of permanent injunction

that Century 21 proposes to the Court is within the proposed Order of Judgment by Default that

Century 21 has submitted contemporaneously herewith as Exhibit 8.

**B.     Century 21 Is Entitled To Default Judgment In The Amount Of $53,315.06 Against Defendants Sarovich, Mayer, And Realtors LLC, Pursuant To Count X (Confession Of Judgment Claim).**

60.     Under the Settlement Agreement, the parties agreed that in the event that

Defendants Sarovich, Mayer, and Realtors LLC failed to cure their default, Century 21's counsel

is authorized to obtain a judgment against Sarovich, Mayer, and Realtors LLC and in favor of

Century 21 in the amount of $112,873.60, together with interest, attorney fees, and costs.  (*Id.* ¶

148; Bertet Decl. ¶¶ 39-40.)

61.     Defendants Sarovich, Mayer, and Realtors LLC have paid a total of $59,558.54

towards the $112,873.60 balance due and owing to Century 21 as of the time of execution of the

Settlement Agreement.  (*Id.* ¶ 148; Bertet Decl. ¶ 40.)

62.     Accordingly, $53,315.06 of the $112,873.60 account balance remains due and owing to Century 21 under the Settlement Agreement's confession of judgment provision, plus interest, attorney fees and costs.  (*Id.* ¶ 149; Bertet Decl. ¶ 40.)

**C.      Century 21 Is Entitled To Default Judgment In The Amount Of $53,315.06 Against Defendants Sarovich, Mayer, Realtors LLC Pursuant To Count XI (Breach Of Settlement Agreement).**

63.     Under the Settlement Agreement, Defendants Sarovich, Mayer, and Realtors LLC were obligated to pay a total of $110,373.60 in satisfaction of all sums due and owing under the Franchise Agreement as of November 19, 2009.  (*Id.* ¶ 39; Bertet Decl. ¶ 39.)    The Settlement Agreement provided that this total was to be paid in installments ("Installment Payments").  (*Id.*)

64.     Defendants Sarovich, Mayer, and Realtors LLC failed to stay current with their Installment Payments and failed to cure their default under the Settlement Agreement, even after receiving notice from Century 21.  (*Id.* ¶¶ 41-42; Bertet Decl. ¶¶ 21-23.)

65.     Presently, the amount due and owing to Century 21 under the Settlement Agreement is $53,315.06.  (*Id.* ¶ 156; Bertet Decl. ¶ 40.)  Accordingly, $53,315.06 plus interest is due and owing to Century 21 under the Settlement Agreement.  (*Id.*)

**D.      Century 21 Is Entitled To Default Judgment In The Amount Of $74,376.12 Against Defendant Sarovich Pursuant To Count XII (Breach Of Franchise Agreement).**

66.     Under the Franchise Agreement, Defendant Sarovich was obligated to pay certain service, or royalty, fees and NAF contributions, and when necessary, audit fees.  (*Id.*  ¶¶ 27-30; Bertet Decl. ¶ 6.)

67.     Presently, $74,376.12 is due and owing from Defendant Sarovich to Century 21 under the Franchise Agreement.  (*Id.* ¶ 52; Bertet Decl. ¶ 41.)  This amount is broken down as follows:

> (a)     $1,443.72 in audit royalty fees;

(b)     $32,326.74 in unpaid NAF contributions;

(c)     $38,651.87 in royalty fees

(d)     $1,373.85 in audit interest; and

(e)     $579.94 in other audit fees.

(*Id.*)

**E.     Century 21 Is Entitled To Default Judgment In The Amount of $74,376.12 Against Defendant Sarovich Pursuant To Count XIII (Action on Guaranty).**

68.     Despite his obligation to do so, Defendant Sarovich has at no time satisfied the foregoing payment and performance obligations under the Franchise Agreement. (Ver. Compl. ¶ 48; Bertet Decl. ¶ 41.) Thus, Defendant Sarovich is personally responsible for the total amount due of $74,376.12.

**F.     Century 21 Is Entitled To Default Judgment In The Amount Of $74,376.12 Against Defendants Mayer And Realtors LLC Pursuant To Count XIV (Quantum Meruit).**

69.     As operators and managers of a Century 21 real estate brokerage business, Defendants Mayer and Realtors LLC personally benefitted from the services and rights provided by Century 21, but did not compensate Century 21 for those services and rights. (*Id.* ¶ 34; Bertet Decl. ¶ 14.)

70.     No written contract exists between Century 21 and Defendants Mayer or Realtors LLC regarding the services and rights. (*Id.* ¶ 172; Bertet Decl. ¶ 42.)

71.     As compensation for Defendants Mayer and Realtors LLC's enjoyment of the rights and services Century 21 provided, Century 21 seeks reasonable compensation in the amount of $74,376.12, which is the amount of fees and payments due under the Franchise Agreement. (Bertet Decl. ¶ 43.)

**G.  Century 21 Is Entitled To An Award Of Its Attorneys' Fees and Costs Under The Franchise Agreement, Guaranty, And Settlement Agreement.**

72.     Finally, Century 21 is entitled to recover its attorneys' fees and costs.

73.     Section 20 of each of the Franchise Agreement contains an attorneys' fees provision that states as follows:

> Should either party incur attorneys' fees in order to enforce the terms and conditions of this Agreement, including post-term covenants, whether or not a legal action is instituted, the party not in default shall be entitled to reimbursement of such attorneys' fees and costs, in addition to any other remedies either party may have at law or in equity.  Should any legal action be instituted, the prevailing party shall be entitled to recover all litigation costs and expenses, including attorneys' fees.

(Ver. Compl. ¶ 30, Ex. B-E; Bertet Decl. ¶ 7.)

74.     The parties' Settlement Agreement also provides that Century 21 may recover its attorneys' fees and costs incurred in pursuing its rights under the Franchise Agreement.  (Ver. Compl. Ex. D; Bertet Decl. ¶ 38.)

75.     Based on the Defendants' failure to appear, answer, or otherwise respond to Century 21's Verified Complaint, Century 21 is the prevailing party on all of its claims.  Accordingly, Century 21 is entitled to recover the attorneys' fees and costs it has incurred in connection with this litigation.

76.     In evaluating a petition for fees and costs, the Court's starting point is the framework set forth by the United States Supreme Court in *Hensley v. Eckerhard*, 461 U.S. 424 (1983).  Under *Hensley*, "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."  *See id.* at 433; *see also Krumwiede v. Brighton Assocs. LLC*, 2006 U.S. Dist. LEXIS 60654, at * 3 (N.D. Ill. Aug. 9, 2006).  The reasonableness of an attorney's hourly rate is determined by the market rate for services rendered.  *See People Who Care v. Rockford*

*Bd. of Educ., Sch. Dist. No. 205*, 90 F.3d 1307, 1310 (7th Cir. 1996). An attorney's actual billing rate for comparable work "is presumptively appropriate to use as the market rate." *Id.*

77.     In this case, the Grant Declaration and attorney bills attached to this Motion for Default Judgment Against All Defendants ("Motion") demonstrate that the fees and expenses incurred by Century 21 are necessary and reasonable.

78.     As to the attorneys' fees, Michael J. Grant, a partner at the law firm of Tabet DiVito & Rothstein LLC ("Tabet DiVito"), has represented Century 21 since the inception of this matter. (*See* Grant Decl. ¶ 10.) Mr. Grant's billing rate on this matter began at $275 per hour and subsequently increased to $290 per hour, and then increased again to $305 per hour. (*Id.*).

79.     Rachel N. Cruz, an associate at Tabet DiVito, worked on this matter during the time relevant to this Motion. (*Id.* ¶ 11.) Ms. Cruz's billing rate on this matter began was $275 per hour. (*Id.*).

80.     Mili R. Joseph, an associate at Tabet DiVito, also worked on this matter during the time relevant to this Motion. (*Id.* ¶ 12.) Ms. Joseph's current billing rate on this matter is $270 per hour. (*Id.*)

81.     Deborah Muehlbauer, Shavaun Smith, Mariana Muñoz, Diana Gaona, Karen Jiminez, and David Stein, current and former paralegals and project assistants at Tabet DiVito with billing rates between $90-$165 per hour, also have worked on this matter. (*Id.* ¶ 13.)

82.     Mr. Grant's declaration verifies the fees billed by Tabet DiVito, explains the hourly rates and work for each person who performed work on behalf of Century 21, and describes the type of work performed and the hours spent thereon. (*Id.* ¶¶ 14-18.) The specific services performed, by whom they were performed, the time expended thereon, and the hourly rate charged,

are detailed in the redacted bills for Tabet DiVito's legal services, attached as Exhibit 8.[1]  (*Id.* ¶ 15.)

83.     As set forth in Mr. Grant's declaration, the necessary services performed during this time period include:  investigation, analysis, and review of the documents relating to the parties and the rights and obligations under the Franchise Agreement; legal research and analysis relating to the applicability of potential claims against the Defendants; negotiation of settlement of certain claims by Century 21 against Defendants; investigation of Defendants' use of Century 21's trademarks and use of marks nearly identical to Century 21's trademarks; the research, preparation, drafting, editing, and filing of the Verified Complaint; and the preparation, drafting, and filing of the motion for entry of default judgment.  (*Id.* ¶ 14.)

84.     Century 21 seeks reimbursement of its attorneys' fees for the following attorneys and other legal professionals for the following rates and hours worked:

| Name | Rate | Hours | Total Fees |
|------|------|-------|-----------|
| Michael J. Grant | $275 | 1.6 | $440.00 |
| Michael J. Grant | $290 | 16.3 | $4,727.00 |
| Michael J. Grant | $305 | 42.3 | $12,952.33 |
| Rachel N. Cruz | $275 | 20.9 | $5,747.50 |
| Mili R. Joseph | $270 | 56.05 | $15,133.50 |
| Deborah Muehlbauer | $165 | 5.8 | $957.00 |
| Deborah Muehlbauer | $155 | 4.7 | $728.50 |
| Shavaun Smith | $155 | 1 | $155.00 |
| Diana Gaona | $140 | .5 | $70.00 |
| Mariana Munoz | $125 | 2 | $250.00 |
| Karen P. Jimenez | $125 | 0.10 | $12.50 |
| David J. Stein | $90 | 0.5 | $45.00 |
| | | **Total Fees** | **$41,217.33** |

(*Id.* ¶ 18; Exhibit 8.)

---

[1]The bills of Tabet DiVito are being attached pursuant to the authority and direction of Century 21.  It is not Century 21's intention to waive any attorney-client privilege by referencing the bill and the general subject matter to which it relates.  In that regard, portions of certain entries in the bills have been redacted because they reveal attorney work product and attorney-client privileged communications.  The courtesy copy of the Motion that will be submitted to the Court will contain unredacted copies of these bills for the Court's *in camera* review.

85.     In addition, Century 21 incurred expenses in connection with the Verified Complaint and Motion in the amount of $296.00, as reflected in the attached billing records. (*Id.*)  All of those expenses were actually incurred and necessarily required by this matter. (*Id.*)

86.     All of the attorney fees and expenses requested herein were necessary and reasonable as required by this litigation. (*Id.*)  Century 21 has paid Tabet DiVito $40,312.51 for fees and costs incurred through July 31, 2011. (*Id.* ¶ 19.)

87.     Accordingly, pursuant to Section 20 of the Franchise Agreement, Century 21 is entitled to recover its $40,312.51 in reasonable attorneys' fees and expenses incurred to date.

## VII.    CONCLUSION

WHEREFORE, Plaintiff Century 21 Real Estate LLC respectfully requests that this Court enter the proposed Order of Judgment By Default attached as Exhibit 9, and further order that:

1.     Century 21's Motion for Default Judgment Against All Defendants is hereby granted.

2.     Judgment is entered in favor of Century 21 and against Defendants Alexander Sarovich, Nicolette Mayer, and Hometown Realtors, LLC on Count I (Violation of 15 U.S.C. § 1114), Count II (Violation of 15 U.S.C. § 1125(a)), and Count III (Violation of 15 U.S.C. § 1125(c)) of Century 21's Verified Complaint, in the amount of $215,048.46, jointly and severally, for Defendants Alexander Sarovich, Nicolette Mayer, and Hometown Realtors, LLC's infringement of the Century 21® Marks by using the Century 21® Marks on Hometown's Internet website without authorization.

3.     Defendants Alexander Sarovich, Nicolette Mayer, and Hometown Realtors, LLC are permanently enjoined and restrained from otherwise making any representations or engaging in any conduct which would indicate that the any of the Defendants are affiliated with, connected to, or associated with Century 21, and from advertising, marketing, or otherwise using any of the Century 21® Marks as defined in the Century 21 Real Estate Franchise Agreement, including, but not limited to, the proprietary mark "Century 21", all similar names and marks, and any name or mark containing the designation "Century 21", "Century", "21" or any other name, designation or mark, or similar colors or lettering indicating or tending to indicate that any of the Defendants are or ever were authorized Century 21 franchisees, including any domain name, electronic mail address, universal resource locator, internet or other electronic network address or identifier used by any of the Defendants, which contains reference to "Century 21," "Century," "21" or "C-21" therein.

4.  Defendants Alexander Sarovich, Nicolette Mayer, and Hometown Realtors, LLC shall destroy all stationery, letterhead forms, manuals, printed matter, films, books, cassettes, videotapes, licensed software, and advertising containing the Century 21 trade names and service marks, including, but not limited to, any interior or exterior signage identifying any of the Defendants as an authorized franchisee of Century 21.

5.  Defendants Alexander Sarovich, Nicolette Mayer, and Hometown Realtors, LLC shall discontinue all marketing and advertising as a Century 21 franchisee, including, but not limited to, the immediate removal of all images from Hometown's Internet website, which contain the Century 21® Marks or any similar names, marks, or designations indicating or tending to indicate that any Hometown is or was an authorized Century 21 franchisee.

6.  Defendants Alexander Sarovich, Nicolette Mayer, and Hometown Realtors, LLC shall immediately take any and all other necessary steps to assist with the complete de-identification of any and all of their business activities with the Century 21® Marks and with marks nearly identical to the Century 21® Marks. Said steps shall include, but are not limited to:

a.  Discontinuation of the use of the telephone numbers which served Hometown's office at the time of termination of Sarovich's franchisee, in listings in the Yellow Pages, MLS listings and any other directory;

b.  Notification of all telephone companies and listing agencies of the termination of Hometown's right to use all telephone numbers and all classified and other directory listings indicating an affiliation with Century 21; and

c.  Notification of all Internet service providers or other entities responsible for maintaining websites of the termination of Alexander Sarovich, Nicolette Mayer, and Hometown Realtors, LLC's right to hold Hometown out as being affiliated with Century 21 or to publish such information on the Internet.

7.  Judgment is entered in favor of Century 21 and against Defendants Nicolette Mayer and Hometown Real Estate Group, LLC, on Count IV (Violation of 15 U.S.C. § 1114), Count V (Violation of 15 U.S.C. § 1125(a)), and Count VI (Violation of 15 U.S.C. § 1125(c)) of Century 21's Verified Complaint, in the amount of $25,200.00, jointly and severally, for these Defendants' infringement of the Century 21® Marks by using marks nearly identical to the Century 21® Marks.

8.  Defendants Nicolette Mayer and Hometown Real Estate Group, LLC, are permanently enjoined and restrained from advertising, marketing, or otherwise using any mark that is nearly identical to the Century 21® Marks, including all of the marks reflected in the Exhibits to the Affidavit of Deborah Muehlbauer attached as Exhibit H to Century 21's Verified Complaint and Attached as Exhibit 10 hereto, tending to indicate that any of these Defendants are or ever were authorized Century 21 franchisees, and from otherwise making any representations or engaging in any conduct which would indicate that the any of the Defendants are affiliated, connected to, or associated with Century 21.

9.      Judgment is entered in favor of Century 21 and against Defendants Alexander Sarovich, Nicolette Mayer, Hometown Realtors, LLC and Hometown Real Estate Group, LLC, on Count VII (Violation of the Illinois Uniform Deceptive Trade Practices Act) and Count IX (Common Law Unfair Competition) of Century 21's Verified Complaint, and Century 21 is awarded the injunctive relief set forth in Paragraphs 3 and 8 above.

10.      Judgment is entered in favor of Century 21 and against Alexander Sarovich, Nicolette Mayer, Hometown Realtors, LLC and Hometown Real Estate Group, LLC, on Count VIII (Violation of the Illinois Consumer Fraud and Deceptive Business Practices Act) of Century 21's Verified Complaint, in the amount of $80,082.82, jointly and severally, for Defendants' infringement of the Century 21® Marks, which amounts is comprised of $71,682.82 in damages related to Defendants Sarovich, Mayer, and Realtors LLC's unauthorized use of the Century 21® Marks, and $8,400 in damages related to Defendants Mayer and Hometown Real Estate Group's use of marks nearly identical to the Century 21® Marks.

11.      Century 21 is awarded injunctive relief against Defendants Alexander Sarovich, Nicolette Mayer, and Realtors LLC pursuant to the same terms set forth in Paragraphs 3 through 6 above, and against Defendants Nicolette Mayer and Hometown Real Estate Group pursuant to the same terms as set forth in Paragraph 8 above.

12.      Judgment is entered in favor of Century 21 and against Defendants Alexander Sarovich, Nicolette Mayer, and Hometown Realtors, LLC, jointly and severally, on Count X (Confession of Judgment) of Century 21's Verified Complaint, in the amount of $96,293.32, which amount consists of $53,315.06 due pursuant to the Settlement Agreement's confession of judgment provision, $2,665.75 in statutory pre-judgment interest of 5%, and $40,312.51 in attorneys' fees and costs;

13.      Judgment is entered in favor of Century 21 and against Defendants Alexander Sarovich, Nicolette Mayer, and Hometown Realtors, LLC, jointly and severally, on Count XI (Breach of Settlement Agreement) of Century 21's Verified Complaint in the amount of $55,980.81, which amount consists of $53,315.06 due pursuant to the Settlement Agreement and $2,665.75 in statutory pre-judgment interest of 5%, less all payment made under Count X.

14.      Judgment is entered in favor of Century 21 and against Defendant Alexander Sarovich on Count XII (Breach of Franchise Agreement) of Century 21's Verified Complaint, in the amount of $118,407.43, which amount consists of $74,376.12 in fees and payments due to Century 21 under the Franchise Agreement, $40,312.51 in attorneys' fees and costs, and $3,718.80 in statutory pre-judgment interest of 5%, less all payment made under Count X and Count XI.

15.      Century 21 is awarded injunctive relief against Defendant Alexander Sarovich, pursuant to the same terms set forth in Paragraphs 3 through 6 above.

16.      Judgment is entered in favor of Century 21 and against Defendant Alexander Sarovich on Count XIII (Action on Guaranty) of Century 21's Verified Complaint in the amount

of $118,407.43, which amounts consists of all amounts due to Century 21 under the Guaranty, less all payment made under Count X, Count XI, and Count XII.

17.     Judgment is entered in favor of Century 21 and against Defendants Nicolette Mayer and Hometown Realtors, LLC, jointly and severally, on Count XIV (Quantum Meruit) of Century 21's Verified Complaint in the amount of $118,407.43 due to Century 21, less all payment made under Count X and Count XI.

Dated:  October 4, 2011

> Respectfully submitted,
>
> CENTURY 21 REAL ESTATE LLC, f/k/a
> CENTURY 21 REAL ESTATE
> CORPORATION
>
>
>      /s/ Mili R. Joseph
>      One of Its Attorneys

Jeffrey Patton
Michael J. Grant
Mili R. Joseph
TABET DIVITO & ROTHSTEIN LLC
The Rookery Building
209 South LaSalle Street, 7th Floor
Chicago, Illinois  60604
(312) 762-9450 (Phone)
(312) 762-9451 (Fax)