IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CENTURY 21 REAL ESTATE LLC, f/k/a CENTURY 21 REAL ESTATE CORPORATION, <br><br>  Plaintiff, <br><br>  v. <br><br> ALEXANDER SAROVICH, NICOLETTE MAYER, HOMETOWN REALTORS, LLC, and HOMETOWN REAL ESTATE GROUP, LLC, <br><br>  Defendants. | No. 1:11-cv-05572 <br><br> Assigned Judge: Blanche M. Manning <br><br> Magistrate Judge: Young B. Kim |

**DEFENDANTS NICOLETTE MAYER'S, HOMETOWN REALTORS, LLC'S AND HOMETOWN REAL ESTATE GROUP, LLC'S MOTION TO VACATE THE OCTOBER 11, 2011 DEFAULT JUDGMENT ORDER**

Defendants NICOLETTE MAYER ("Mayer"), HOMETOWN REALTORS LLC ("HR"), and HOMETOWN REAL ESTATE GROUP, LLC ("HREG") (or collectively the "Defendants"), by and through their counsel, the LAW OFFICES OF PHILIP M. FORNARO & ASSOCIATES, LTD., hereby move this Honorable Court, pursuant to Rules 55 and 60 of the Federal Rules of Civil Procedure, to vacate the October 11, 2011 default judgment order. In support thereof, Defendants state as follows:

### I. INTRODUCTION

Plaintiff filed this action on August 16, 2011, but Defendants were never served with a summons and complaint in accordance with Rule 4 of the Federal Rules of Civil Procedure. Defendants did not even obtain knowledge that a suit was pending until late September. Within days, they acted swiftly to attempt to retain counsel to protect their interests. They spoke with and scheduled a meeting with a lawyer, only to later learn that such counsel did not practice in federal court, and hence, would be unable to undertake representation. On October 4, 2011,

1

however, Plaintiff filed a motion for default judgment. (Doc. 23)  On October 11, 2011, the Court granted Plaintiff's motion for default judgment as to Defendants Mayer, HR, and HREG (Doc. 25) and entered the Order of Judgment by Default drafted by Plaintiff's counsel (the "Order") (Doc. 26).  After representation was declined by the first counsel they tried to retain, Defendants did succeed in retaining the undersigned counsel on October 14, 2011.  The undersigned counsel filed an appearance and contacted Plaintiff's counsel to request that the parties vacate the Order by agreement.  Plaintiff's counsel never responded to that request.  Accordingly, it is necessary to bring the present motion before the Court.  Defendants request that this Court vacate the Order because, as is explained more fully below:

(1) they have "**good cause**" for the default, in that, they were not served in accordance with Rule 4, they did not learn of the suit until late September, they acted promptly in good faith to obtain competent legal representation, but after attempting to retain counsel, they were unable, through no fault of their own, to locate and retain a federal court practitioner until mid-October;

(2) they took "**quick action**" to correct it, in that this motion to vacate is being brought in less than ten (10) court days following entry of the Order, within six (6) court days of their present counsel being retained, and prior to any further proceedings in this case;

(3) they have a "**meritorious defense**" to the Complaint, in that Defendants deny most of the allegations set forth in the Complaint, deny that Plaintiff is entitled to the relief sought, or any relief whatsoever, and allege numerous affirmative defenses; and

(4) the Order should also be vacated as void pursuant to Rule 60(b)(4) because the Defendants were **never served** with process in accordance with Rule 4 of the Federal Rules of Civil Procedure.

## II. APPLICABLE LAW

Rule 55(c) of the Federal Rules of Civil Procedure provides that "[t]he court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c).  Rule 60(b), in turn, provides that "[o]n motion and just terms, the court may relieve a party . . . from a final judgment . . . for," among other reasons, "mistake,

2

inadvertence, surprise, or excusable neglect," Fed. R. Civ. P. 60(b)(1), and also if "the judgment is void," Fed. R. Civ. P. 60(b)(4).

Courts have recognized that "'good cause' [under Rule 55(c)] is not sharply distinguishable from 'excusable neglect' [under Rule 60(b),] if it is distinguishable at all." *Conn. Nat'l Mortgage Co. v. Brandstatter,* 897 F.2d 883, 885 (7th Cir. 1990). A party seeking to vacate an entry of default or default judgment under Rule 60(b)(1) must show: "(1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint." *Cracco v. Vitran Exp., Inc.,* 559 F.3d 625, 630 (7th Cir. 2009); *see also Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994).

Additionally, a default judgment may be vacated as void under Rule 60(b)(4) on the ground that the defendant had never been properly served with a summons and complaint. *See Mid-Continent Wood Products v. Harris*, 936 F.2d 297, 301 (7th Cir. 1991). Moreover, in instances where service was never properly effectuated, a defendant's knowledge of a lawsuit will not serve to cure the deficiencies in service. *See id*.

The United States Court of Appeals for the Seventh Circuit has consistently articulated a policy of favoring trial on the merits over default judgment. *See Cracco v. Vitran Exp., Inc.,* 559 F.3d 625, 630-31(7th Cir. 2009); *see also Sun v. Bd. of Trustees. of the Univ. of Ill.*, 473 F.3d 799, 811 (7th Cir. 2007) (*citing C.K.S. Eng'rs, Inc. v.White Mountain Gypsum Co.*, 726 F.2d 1202, 1205(7th Cir. 1984) (collecting cases)). In *A.F. Dormeyer Company v. M.J. Sales & Distributing Co.,* 461 F.2d 40, 43 (7th Cir. 1972), the Seventh Circuit stated that "[t]he philosophy of modern federal procedure favors trials on the merits, and default judgments should generally be set aside where the moving party acts with reasonable promptness, alleges a meritorious defense to the action, and where the default has not been willful." *See also Inryco,*

3

*Inc. v. Metropolitan Eng'g Co., Inc.,* 708 F.2d 1225, 1230 (7th Cir. 1983). "[A] default judgment, like a dismissal, is a harsh sanction which should usually be employed only in extreme situations, or when less drastic sanctions have proven unavailing." *Ellingsworth v. Chrysler,* 665 F.2d 180, 185 (7th Cir. 1981).

### III.  ARGUMENT

The Court should vacate the October 11th Order for two reasons, each of which constitutes an independent, dispositive basis for vacating the default. First, the judgment should be vacated under Rule 60(b)(1) because the Defendants have good cause for the default, they took quick action to correct it, and they have a meritorious defense to the Complaint. Second, the judgment should be vacated under Rule 60(b)(4) as void because the Defendants were never properly served with process in accordance with Rule 4 of the Federal Rules of Civil Procedure.

A.  **DEFENDANTS HAVE GOOD CAUSE FOR THE DEFAULT.**

Good cause, under Rule 60(b)(1), can include "excusable neglect", which the Supreme Court has defined as encompassing "both simple, faultless omissions to act and, more commonly, omissions caused by carelessness." *Pioneer Investment Servs. Co. v. Brunswick Assocs. Ltd. Partnership,* 507 U.S. 380, 388 (1993). An inquiry into whether conduct constitutes excusable neglect is "at bottom an equitable one" in which the Court may take into account all of the circumstances, including "the danger of prejudice to the [defendant], the length of the delay and its potential impact on judicial proceedings, the reasons for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Raymond v. Ameritech Corp.,* 442 F.3d 600, 606 (7th Cir. 2006) (quoting *Pioneer*). Here, each of these circumstances weighs heavily in the Defendants' favor and impels the conclusion that the Defendants' neglect, if it can even be characterized as such, is excusable neglect.

4

> ***(i).    Defendants' Reasons For The Delay Despite Their Diligent, Good Faith Efforts Constitute Excusable Neglect.***

In this case, Defendants have good cause for the default because, far from exhibiting neglect of any sort, they did not become aware of the lawsuit until late September, and, as soon as they became aware of it, they diligently and actively sought, in good faith, to retain counsel to protect their interests.  Although Plaintiff filed this action on August 16, 2011, Defendants, to date, have yet to be served with a summons and complaint. (*See* Affidavit of Nicolette Mayer, attached hereto as *Exhibit A*, ¶ 5.)  Defendants became aware of this lawsuit only because Ms. Nicolette Mayer, who is an individual defendant, as well as the Managing Broker and registered agent for HREG (*See* Mayer Aff., ¶ 3), and the former Managing Broker and sole member of HR (*See* Defendants' Verified Answer and Affirmative Defenses to Plaintiff's Complaint, attached as *Exhibit B*, and Verification by Hometown Realtors LLC thereto, ¶ 2), received documents relating to the lawsuit by mail. (*See* Mayer Aff., ¶¶ 4,5.)  This did not happen until late September, and no earlier than September 20, 2011, at the earliest. (*See* Mayer Aff. ¶ 4.)

Where, as here, service of process is insufficient, this alone is enough to constitute good cause for a defendant's default. *See, e.g., Guess?, Inc., v. Chang,* 163 F.R.D. 505, 508 (N.D. Ill. 1995) (articulating that insufficient service is good cause to set aside a default); *Dahl v. Kanawha Inv. Holding Co.,* 161 F.R.D. 673, 684 (N.D. Iowa 1995) (same).

Within days of learning of the lawsuit, Ms. Mayer contacted an attorney in an effort to obtain legal representation for herself as well as for HREG. (*See* Mayer Aff. ¶ 6.)  The attorney she contacted was Lawrence Andolino, an Illinois-licensed attorney. (*See* Mayer Aff. ¶ 7.)  She scheduled an in person meeting with him and that meeting took place prior to the end of September. (*See id.*)  During her meeting with Mr. Andolino, Ms. Mayer provided him with copies of the lawsuit-related documents she received by mail. (*See* Mayer Aff. ¶ 8.)  Mr.

5

Andolino did not agree to undertake representation at that time, but did agree to review the documents in order to determine whether this was a type of case falling within his area of expertise, and hence, whether he would be in a position to undertake representation. (*See id*.)

On October 4, 2011, Ms. Mayer received a message from Mr. Andolino informing her that this was not a case he would be able to handle on her behalf because he does not do federal litigation. (*See* Mayer Aff. ¶ 9.) As such, he declined to undertake representation. (*See id*.) He did, however, recommend that Ms. Mayer contact the undersigned counsel. (*See id*.) Two days later, on October 6, 2011, Ms. Mayer contacted the undersigned counsel's office, and scheduled an appointment to meet with the undersigned counsel. (*See* Mayer Aff. ¶ 10.) That appointment was scheduled for October 13, 2011. (*See id*.) The meeting took place as scheduled, and Ms. Mayer retained the undersigned counsel on October 14, 2011 – barely more than one week ago. (*See* Mayer Aff. ¶ 12.)

Ms. Mayer had no control over the manner in which Plaintiff decided to provide the Defendants with notice of the lawsuit. Ms. Mayer also had no control over the fact that the first lawyer she attempted to retain was not a federal court practitioner. Ms. Mayer is not a lawyer. (*See* Mayer Aff. ¶ 14.) As unsophisticated and unrepresented litigants with no prior experience litigating in federal court or defending the types of claims brought against them, neither Ms. Mayer nor the other two Defendants understood or appreciated the consequences of failing to appear and plead prior to their responsive pleading deadlines. (*See id*.) They did not realize that a default judgment might be taken against them. (*See* Mayer Aff. ¶ 15.) They had no counsel to advise them. (*See* Mayer Aff. ¶ 6). Prior to retaining the undersigned counsel barely more than a week ago, they had not received legal advice from anyone else. (*See* Mayer Aff. ¶ 13).

Where, as here, the cause of delay is solely attributable to a party's effort to retain new counsel, this conduct cannot possibly be culpable for Rule 60(b)(1) purposes. *See, e.g., Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002) (holding that delay caused by the party's efforts to retain new counsel was not culpable conduct, thus reversing district court's denial of motion to set aside order of dismissal under Rule 60(b)). Here, the reasons for the delay and the Defendants' good faith efforts to attempt to retain counsel as quickly as possible constitute excusable neglect for the default.

### (ii). *The Minimal Length Of The Delay And Its Minimal Impact On Judicial Proceedings Also Constitutes Excusable Neglect.*

The minimal length of the delay and its minimal impact on judicial proceedings also constitutes excusable neglect. The length of the delay is very short. The Order was entered less than ten (10) court days ago. Twenty-one days from the earliest possible date when Defendants first obtained actual notice of suit is October 11th, less than ten (10) court days ago. Defendant Sarovich has also not yet responsively pled. Where, as here, "[t]he stage of the case remains pre-discovery at this time and trial is not imminent," this fact contributed toward a district court's finding that the good cause requirement had been met. *Neuman v. U.S.*, No. 07-CV-0362-MJR, at *4 (S.D. Ill. July 31, 2008), a copy of which is attached hereto as *Exhibit C*. There will also be minimal impact on judicial proceedings, because (a) there have been no further proceedings in this case since the Court's entry of the Order and (b) a preliminary injunction hearing will need to occur in any event, since Defendant Sarovich was not defaulted.

### (iii). *Leaving The Order Intact Would Result In Substantial Prejudice.*

There is also enormous danger of prejudice to the Defendants if the Order is not vacated. The default judgment order prepared by Plaintiff and entered by the Court is four pages long, contains no less than 15 single-spaced paragraphs, and if left unaltered, would expose Ms. Mayer

and HREG to considerable hardship. (*See* Mayer Aff. ¶ 17.) The permanent injunctive relief it contains could also potentially prevent Ms. Mayer from continuing to pursue her livelihood and effectively prevent HREG from continuing to do business in its current name. The Order also enters judgment on multiple counts involving complex claims, imposing personal liability upon Defendant Mayer in the total sum of more than $631,000.00, liability upon Defendant HR in the total sum of more than $606,000.00, and liability upon Defendant HREG in the total sum of more than $145,000.00. These staggering and completely arbitrary, unsubstantiated amounts are not well founded in law or in fact, far exceed Century 21's actual damages (if any), reflect duplicative recoveries for a single wrong, and are so grossly disproportionate to Century 21's actual damages (if any) that they implicate due process concerns. In short, the default Order confers a windfall upon Century 21. Worse yet, enforcement of this Order would devastate and potentially bankrupt each of the Defendants if the judgment is left undisturbed. If Defendants are allowed to have their day in Court and present evidence, there is no way a judgment this lopsided and arbitrary would ever be entered in Plaintiff's favor, if any judgment is even entered at all.

Against this overwhelming prejudice to the Defendants if the judgment is *not* vacated must be weighed the complete lack of prejudice to the Plaintiff if it *is* vacated. "[M]erely being forced to litigate on the merits cannot be considered prejudicial for purposes of lifting a default judgment," since a "default judgment gives the plaintiff something of a windfall by sparing [it] from litigating the merits of [its] claim because of [its] opponent's failure to respond; vacating the default judgment merely restores the parties to an even footing in the litigation." *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 701 (9th Cir. 2001). Clearly, there will be *no* prejudice to the Plaintiff if the relief sought by this Motion is granted.

8

### *(iv).* *In Sum, Defendants Easily Meet The Good Cause Requirement.*

In sum, the Defendants easily meet the good cause requirement justifying vacatur of the October 11th default Order. Their actions leading to the default were not willful, careless or negligent. Their actions are inconsistent with the "willful abdication" of their legal responsibility to protect their own interests that would justify denying their motion to vacate. *See Zuelkze Tool & Eng'g Co. Inc. v. Anderson Die Castings, Inc.*, 925 F.3d 226, 229 (7th Cir. 1991). Considering the equities of this entire situation, and given the short amount of time this case has been pending, the lack of prejudice to the Plaintiff, and the brevity of the Defendants' delay, there will be no injustice if the Order is vacated. *See St. Paul Fire & Marine v. Kiper & Son Trucking, Inc.*, No. 06 C 2626, at *7 (N.D. Ill. Nov. 2, 2006), attached hereto as *Exhibit D* ("in considering the equities of the entire situation, we find that given the short amount of time this case has been pending, the prejudice to the plaintiff is not so great, nor the delay so long, as to make vacating the default judgment an injustice.").

Good cause for the default having been demonstrated, we turn next to the "quick action" requirement.

### B. DEFENDANTS TOOK *QUICK ACTION* TO CORRECT THE DEFAULT.

There can be no doubt that Defendants took quick action to correct the default. The undersigned counsel was retained on October 14, 2011. Early last week, the undersigned counsel contacted Plaintiff's counsel by phone and proposed that the parties file an agreed stipulation with the court vacating the default judgment order. Receiving no commitment in this regard from Plaintiff's counsel, on October 19, 2011, the undersigned counsel filed an appearance and sent correspondence to Plaintiff's counsel, a copy of which is attached hereto as *Exhibit E*, proposing once again that the parties file an agreed stipulation with the Court vacating

the October 11th Order. In the letter, the undersigned counsel offered to provide Plaintiff's counsel with a responsive pleading to Plaintiff's verified complaint by the end of the following week and not to attempt to disturb the November 10, 2011 date scheduled for a hearing on Plaintiff's motion for a preliminary injunction. (*See Exhibit E*.) The letter requested a response prior to noon this past Friday, October 21, 2011. (*See id*.) No response from opposing counsel was ever received and it became necessary to bring this motion before the Court.

The present motion is being brought less than two weeks and less than ten (10) court days since the Court entered the October 11th Order, and less than six (6) days since the undersigned counsel was retained. It includes a proposed responsive pleading (*see Exhibit B*), and the only reason why it was not brought several days sooner is because, as outlined above, the undersigned counsel first attempted to resolve this without need of the Court's intervention, and needed to provide Plaintiff's counsel at least a minimal amount of time (one and a half business days) to accept the Defendants' proposal.

On these facts, it can hardly be said that Defendants did not take quick action to correct the default. Where, as here, a movant acted within two weeks of the Court's entry of default judgment to vacate such judgment, the district court found such action to be timely and to meet the "quick action" requirement. *See Flowers v. U.S. Postal Serv.*, No. 08 C 552 at *9 (N.D. Ill. Mar. 16, 2009), a copy of which is attached hereto as *Exhibit F*.

C.  **DEFENDANTS HAVE A MERITORIOUS DEFENSE.**

Defendants also have a meritorious defense. "A meritorious defense is not necessarily one which must, beyond a doubt, succeed in defeating a default judgment, but rather one which at least raises a serious question regarding the propriety of a default judgment and which is supported by a developed legal and factual basis." *Jones v. Phipps*, 39 F.3d 158, 165 (7th Cir.

1994). A copy of Defendants' verified answer and affirmative defenses to Plaintiff's complaint is attached hereto as *Exhibit B*. As is evidenced therein, Defendants deny most of the allegations set forth in the Complaint, deny that Plaintiff is entitled to the relief sought, or any relief whatsoever, and allege no less than twenty-three (23) affirmative defenses sufficient, in each instance, to either defeat Plaintiff's claims or, at minimum, to bar or limit recovery on such claims. (*See Exhibit B*.) These affirmative defenses include, among others, Defendants' non-infringement of Plaintiff's marks, Plaintiff's material breach of its obligations to Defendants, Plaintiff's lack of irreparable harm justifying injunctive relief, and third party use of Plaintiff's marks. (*See id*.) That Defendants have a meritorious defense is manifestly evident.

The Defendants having met or exceeded all the requirements for vacatur of the Order under Rule 60(b)(1), the Court should grant Defendants' motion.

**D.  THE JUDGMENT SHOULD ALSO BE VACATED UNDER RULE 60(B)(4) BECAUSE SERVICE OF PROCESS IS DEFICIENT.**

As an alternate and independent, dispositive basis justifying vacatur, the Court should also vacate the October 11th Order as void pursuant to Rule 60(b)(4) because service of process is deficient. As noted above, Ms. Mayer was never personally served with a summons and complaint and has yet to be personally served. (*See* Mayer Aff. ¶ 5.) As she is the registered agent for HREG (*see* Mayer Aff. ¶ 3), the absence of personal service on her also means that HREG has not been served. As for HR, Ms. Mayer was the sole member prior to HR's dissolution. (*See* verification of HR to verified answer to complaint, *Exh. B*.) Hence, there is no way that valid service on HR could possibly have been made without personal service on Ms. Mayer. As with HREG, the absence of personal service on her also means that HR has not been served. Although Ms. Mayer obtained notice of the lawsuit by mail, this alone is not enough.

*See Mid-Continent Wood Products v. Harris*, 936 F.2d 297, 298-301 (7th Cir. 1991) (service by mail is insufficient, even where the defendant has actual knowledge of the suit).

The deficient service of process on the Defendants mandates vacatur of the October 11th Order pursuant to Rule 60(b)(4).

### IV. RELIEF REQUESTED

WHEREFORE, for the foregoing reasons, Defendants respectfully pray that this Honorable Court enter an order:

(a) Vacating the October 11, 2011 Order of Judgment by Default (Doc. 26);

(b) Granting Defendants leave to file the attached Verified Answer and Affirmative Defenses to the Plaintiff's Complaint, *instanter*;

(c) Granting Defendants fourteen (14) days in which to file their response to Plaintiff's motion for preliminary injunction;

(d) Granting Defendants leave to conduct expedited written and oral discovery on matters relevant to Plaintiff's preliminary injunction motion following the conclusion of briefing on such motion;

(e) Striking the November 10, 2011 date currently set for the preliminary injunction hearing and scheduling a hearing on Plaintiff's motion for preliminary injunction following the conclusion of expedited discovery concerning such motion; and

(f) Granting such other and further relief as the Court deems just and proper.

Dated: October 24, 2011.

Respectfully Submitted,

NICOLETTE MAYER,
HOMETOWN REALTORS, LLC, and
HOMETOWN REAL ESTATE GROUP, LLC

By: /s/ Philip M. Fornaro
One of their attorneys

Philip M. Fornaro & Associates Ltd.
4830 W. Butterfield Road
Hillside IL 60162
(708) 384-0800
No. 6229260