Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 CV 5572 | **DATE** | January 10, 2012 |
| **CASE TITLE** | *Century 21 v. Hometown Realtors, Hometown Real Estate, and Nicolette Mayer* | | |

**DOCKET ENTRY TEXT**

On defendants Hometown Realtors, LLC, Hometown Real Estate Group, LLC, and Nicolette Mayer's motion to vacate default judgment [30-1], the court shall hold an evidentiary hearing on February 24, 2012, at 11:30 a.m., in order to determine the validity of service that allegedly occurred on September 1, 2011. If, however, Century 21 re-serves those defendants before the start of the hearing, it shall notify the court's minute clerk and file copies of the returns of service. Status hearing set to 1/12/2011 is stricken.

■ [ For further details see text below.]     Docketing to mail notices.

00:00

## STATEMENT

Plaintiff Century 21 Real Estate LLC filed suit seeking damages and an injunction to stop defendants Alexander Sarovich, Nicolette Mayer, Hometown Realtors, LLC, and Hometown Real Estate Group, LLC, from allegedly continuing to use Century 21's trademarks and service marks after termination of the parties' franchise agreement. Century 21 filed returned certificates of service for all of the defendants, indicating that each had been served. Specifically, according to the Affidavit of Process Server, Mayer was personally served with the summons directed at her individually, as well as with the summonses for Hometown Realtors and Hometown Real Estate Group, of which she was both a principal and the registered agent. According to the affidavit, service occurred on September 1, 2011, at 11:50 a.m. at 7700 W. Belmont in Chicago, which is Mayer's office.

None of the defendants filed an appearance or an answer when due. As a result, Century 21 filed a motion for default judgment, which it noticed for presentment on October 11, 2011. Defendant Sarovich appeared *pro se* at the hearing on the motion for default judgment, but defendants Nicolette Mayer, Hometown Realtors, and Hometown Real Estate Group did not appear. Accordingly, the court gave Sarovich time to file an answer, and granted Century 21's motion for default judgment against Mayer, Hometown Realtors, and Hometown Real Estate Group.

On October 24, 2011, Mayer, Hometown Realtors, and Hometown Real Estate Group filed a motion to vacate the default judgment under Federal Rules of Civil Procedure 55(c) and 60(b). They offer two arguments in support of their motion. First, they contend that they were never properly served with process and, therefore, the default judgment is void under Rule 60(b)(4). Alternatively, they contend that the default judgment should be aside under Rule 60(b)(1) because they can establish excusable neglect.

| STATEMENT |
|---|

**Service Of Process**

First, the defendants contend that the default judgment is void because they were never served with summons and complaint as required under Federal Rule of Civil Procedure 4(c). In support, they offer two affidavits from defendant Nicolette Mayer, who is also the managing broker and registered agent of Hometown Real Estate Group, and registered agent and former managing broker of Hometown Realty (now defunct). In her first affidavit, Mayer states that "[t]o date I have yet to be personally served with a summons or complaint for this action in any capacity." Affidavit of Nicolette Mayer (attached as Exhibit A to Motion to Vacate [30-1]) ¶ 5.

In a supplemental affidavit, Mayer states that there "is no way I could have been personally served" at 11:50 a.m. on September 1, 2011, because she was out of her office at the time. Specifically, she states that she was out of her office that day from 9:30 a.m. to at least 1:30 p.m. in order to take pictures of several properties, and to attend a closing for one of her agents in Hickory Hills, Illinois. In support, she attached to her affidavit a Settlement Statement that she says she received during the closing in Hickory Hills. The Settlement Statement is time stamped "09/01/11 11:48."

"A signed return of service constitutes prima facie evidence of valid service which can be overcome only by strong and convincing evidence." *Relational, LLC v. Hodges*, 627 F.3d 668, 672 (7th Cir. 2010). "To make a prima facie showing, the movant must simply produce a return of service identifying the recipient and noting when and where service occurred, thereby providing enough detail so the opposing party knows what evidence he must rebut." *Id.* The returns of service Century 21 filed identify Nicolette Mayer as the recipient, 7700 W. Belmont in Chicago as where service occurred, and 11:50 a.m. on September 1, 2011, as when service occurred. Accordingly, Century 21 has made a prima facie showing of valid service.

Upon making a prima facie showing, the burden shifts to the defendants to rebut the presumption of valid service with strong and convincing evidence. *Id.* at 673. An affidavit in which the defendant merely states that she was not served does not meet the strong and convincing standard. *See Bilal v. Rotec Indus., Inc.*, No. 03 CV 9220, 2004 WL 1794918, at *3 (N.D. Ill. Aug. 5, 2004) ("Oury's sole contention is that he never received a copy of the summons that appears on the docket. Such an allegation, even if it were contained in an affidavit (which it is not), is insufficient to counter the 'strong and convincing evidence' presented by the signed return of service Bilal filed with this court."). However, Mayer has offered more. In her supplemental affidavit, she contradicts the process server's affidavit that she was served at 11:50 a.m. on September 1, 2001, and asserts that, in fact, she was out of her office from at least 9:30 a.m. to 1:30 p.m. In addition, she provides a document she contends she received in Hickory Hills stamped with the same date and time as the process server claims he served Mayer in Chicago.

Because the determination of whether Mayer was physically present when the process server contends personal service occurred turns on disputed questions of fact, the court cannot at this time determine whether she has rebutted Century 21's prima facie showing of valid service. Accordingly, an evidentiary hearing is necessary to determine whether the defendants have been properly served.

**Excusable Neglect**

Alternatively, even if the default judgment is not void for improper service, the defendants seek to vacate it based upon excuable neglect. Despite the open issue regarding service, the court will address excusable neglect to promote the speedy resolution of this matter. To obtain relief from a default judgment under

| STATEMENT |
|---|

Federal Rule of Civil Procedure 60(b)(1) for mistake, inadvertence, surprise, or excusable neglect, the defendants must demonstrate (1) good cause for the default, (2) quick action to correct it, and (3) a meritorious defense to the complaint. *Sun v. Bd. of Trs. of the Univ. of Ill.*, 473 F.3d 799, 810 (7th Cir. 2007). Whether or not to vacate a default judgment is left to the sound discretion of the district court. *Id.* However, the Seventh Circuit has articulated a policy of "favoring a trial on the merits over default judgment," which "should only be used in extreme situations, or when other less drastic sanctions have proved unavailing." *Yong-Quian Sun v. Board of Trustees of the Univ. of Ill.*, 473 F.3d 799, 811 (7th Cir. 2007) (citing *C.K.S. Engineers, Inc. v. White Mountain Gypsum Co.*, 726 F.2d 1202, 1205 (7th Cir. 1984)). As the Seventh Circuit noted in *C.K.S. Engineers*, the "common thread running through all the decisions is that the ruling on a rule 60(b) motion to vacate a default judgment should depend largely on the willfulness of the defaulting party's actions." *C.K.S. Engineers, Inc.*, 726 F.2d at 1205.

### a. Good Cause

The defendants have established good cause for their default. According to Mayer's affidavit, she attempted to quickly obtain counsel to represent herself and the two corporate entities, but the first attorney declined to accept her case because it was outside his area of expertise. She then scheduled an appointment to meet with a second attorney on October 13, 2011. She states that when she met with the second attorney, she was unaware that a motion for default judgment had been filed and already granted on October 11, 2011. She hired the attorney on October 14, 2011, he filed an appearance on October 19, 2011, and the motion to vacate on October 24, 2011. Although quicker action by the defendants could have averted the entry of the default judgment, they have not demonstrated the type of callous disregard for deadlines and court procedures that would warrant the entry of a default judgment. *See C.K.S. Engineers, Inc.*, 726 F.2d at 1505.

### b. Quick Qction

Century 21 does not oppose the motion to vacate on the ground that the defendants failed to take quick action to correct the default, and the defendants have demonstrated that they acted quickly and diligently. Counsel was engaged on Friday October 14th. Following the weekend, he states that he contacted opposing counsel to file an agreed stipulation to vacate the default judgment. But with no agreement in place by week's end, he filed the motion to vacate on the following Monday, October 24. The court thus finds that the defendants have also established quick action to correct their default.

### c. Meritorious Defense

Finally, the court also finds that the defendants have demonstrated a meritorious defense. "A meritorious defense is not necessarily one which must, beyond a doubt, succeed in defeating a default judgment, but rather one which at least raises a serious question regarding the propriety of a default judgment and which is supported by a developed legal and factual basis." *Matthews v. McDonald's Corp.*, No. 10 CV 1655, 2010 WL 4684040, at *2 (N.D. Ill. Nov. 10, 2010). In its briefs and in the proposed answer and affirmative defenses filed in support of the motion to vacate, the defendants have asserted facially plausible defenses. For instance, they assert that Century 21's own material breach of one of the parties' agreements is a complete defense to some of Century 21's claims. They further assert that, contrary to the allegations of the complaint, they ceased using the Century 21 marks when required. Because those submissions notify the plaintiff and the court of the nature of its defenses and are not "so conclusory as to be fatal," the defendants have demonstrated a meritorious defense for purposes of their Rule 60(b)(1) motion to vacate. *Id.*

**STATEMENT**

In summary, the defendants have demonstrated excusable neglect under Rule 60(b)(1) in support of their motion to vacate the October 11, 2011, entry of default judgment. However, before the court can exercise its discretion to grant the motion to vacate, it must first determine through a hearing whether the defendants have been properly served.

**CONCLUSION**

For the reasons stated, in order to determine the validity of the service which allegedly occurred on September 1, 2011, the court shall hold an evidentiary hearing on February 24, 2012, at 11:30 a.m. on defendants' Hometown Realtors, LLC, Hometown Real Estate Group, LLC, and Nicolette Mayer motion to vacate default judgment [30-1]. If, however, Century 21 re-serves those defendants before the start of the hearing, it shall notify the court's minute clerk and file copies of the returns of service. Status hearing set to 1/12/2012 is stricken.

rs/cpb